**In re. D.N.P. & G.G.P.**

**Nos. 57584, 57585.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 23, 1990.

Padberg, McSweeney, Slater & Merz, Richard J. Burke, Jr., St. Louis, for appellant.

Ellyn L. Sternfield, Clayton, for respondent juvenile officer.

David Shaller, Clayton, guardian ad litem.

Allan Zerman and Michael Gross, Clayton, for mother.

KAROHL, Judge.

Father appeals from an order of adjudication by the juvenile court denying him temporary custody and visitation of his two minor children. The court entered the order after a finding of abuse and neglect pursuant to § 211.031.1(1) RSMo 1986. The court did not effectuate service of process on father by mail in compliance with Rule 115.01(c). When personal service was not made, the court did not attempt prior to the hearing to obtain service or to notify father of hearing by either registered or certified mail. Therefore, he claims the court erred in overruling his motion to dismiss or in the alternative, to set aside the order of adjudication. We reverse and remand.

On October 19, 1988, the St. Louis County juvenile officer filed petitions in the interest of father's children. The petitions alleged each child came within the provisions of § 211.031.1(1) RSMo 1986 as victims of abuse and neglect. The juvenile court ordered a hearing to be held before a commissioner on November 28, 1988. The clerk issued summonses which were promptly served on all parties except father.

On the day of the hearing, the sheriff returned father's summons unexecuted. Service was attempted at father's house nine times on eight separate dates and at various hours of the day. Written on the summons was "wouldn't answer the door."

With this information before him the commissioner proceeded with the hearing. He noted father's failure to appear and entered his findings and recommendations. Efforts were then made to provide father with actual notice, after the hearing but prior to the court's entry of an order, by sending notice of the proposed order through certified mail. The certified letter returned unclaimed. On December 22, 1988, the juvenile court then entered its order of adjudication of abuse and neglect. The court found the allegations of the juvenile officer true, took jurisdiction of the children and ordered them to remain in their mother's custody. It further ordered no custodial rights for father and scheduled a review hearing on December 7, 1989.

On April 26, 1989, father, claiming lack of notice, moved to dismiss the petition or in the alternative to set aside the order of adjudication. The court denied father's motion on August 1, 1989. This appeal follows denial of a motion for rehearing.

This appeal challenges the court's denial of the motion to dismiss or in the alternative to set aside the order of adjudication. Specifically, father claims by not serving him with process the court: (1) violated his constitutional due process rights; (2) lacked jurisdiction to proceed; and (3) violated Missouri Supreme Court Rule 115.01.

Section 211.031 RSMo 1986 grants the juvenile court jurisdiction over abuse and neglect proceedings. When temporary custody of a child is at issue, § 211.101 RSMo 1986 requires the person with custody of the child to appear personally, and if the

custodian is not the parent, the parent must be notified of the pendency of the proceeding. Section 211.111 RSMo 1986 requires personal service if practicable, and if not, registered mail service must be sent at least five days before the time of the hearing. Rule 115.01 provides:

> (c) Service of summons shall be made personally upon the parents of the juvenile and upon the person having actual custody of the juvenile, provided that if personal service cannot be had upon such persons, service of summons shall be made by registered or certified mail to their last known address.... The inability to serve any party under this paragraph shall not deprive the court of jurisdiction to proceed.

> (d) Personal service shall be effected upon the juvenile and, when required, upon his custodian at least twenty-four hours before the time set for the hearing. Registered or certified mail shall be mailed at least five days before the time of the hearing.

The mandatory provisions of § 211.111 RSMo 1986 and of Rule .115.01 were not followed. The record in this case clearly indicates the court did not comply with the requirements for summons by mail and notice of hearing. The court did not attempt to notify father before the hearing by use of the mail. It is irrelevant the court attempted mail service prior to the actual entry of an order. Attempted notice after the hearing but before entry of an order is not an available option. Where a hearing is held without required notice to a parent the hearing is unauthorized by statute or rule. Here, the order of adjudication must be set aside, not because father was not served but because the court did not attempt service by registered mail at least five days before the time of the hearing when personal service efforts failed.

Juvenile officer contends these requirements are mere procedural technicalities and strict compliance is unnecessary. He relies on the last sentence of Rule 115.01(c) which states inability to serve a party does not deprive the court of jurisdiction.

Such an argument is misdirected. This is a statutory proceeding. The hearing is authorized according to a direction to attempt to serve a summons and notice of hearing on parents. The requirements are easily satisfied. However, the court chose not to comply. Failure to attempt to comply with all the provisions of the rule does not constitute "inability" within the meaning of Rule 115.01(c). Accordingly, the order of adjudication entered by the juvenile court must be set aside. The court was not authorized to hold the statutory hearings except as provided by statute and rule. Service and notice were not attempted in accordance with the express provisions of §§ 211.101 and 211.111 RSMo 1986 and Rule 115.01; therefore, the court could not proceed.

We reverse and remand to the juvenile court with directions to sustain the motion to set aside the order of adjudication. The court did not err in refusing to dismiss the petition; it states a cause of action. Father is before the court. The court may rehear the cause.

PUDLOWSKI, P.J., and GRIMM, J., concur.